CULPEPPER, Judge.
This case is consolidated with State Farm Mutual Automobile Insurance Company et al. v. Leesville Lumber Company, et al., La.App., 295 So.2d 451, in which a separate judgment is rendered by us this date. Both cases arise out of a collision between an \ automobile being driven by Mrs. Tommy ^E. Smith and a large truck-tractor, pulling a flat bed trailer, driven by Rotary Sowell.
Mrs. Smith received personal injuries for which she seeks damages. Her husband seeks medical expense and property damage to the automobile. Named as defendants are: (1) Rotary Sowell, driver of the truck-tractor; (2) Ryder Truck Rental, Inc., owner of the truck-tractor; (3) *448 Liberty Mutual Insurance Company, liability insurer of Ryder; (4) W. M. (Bill) Baggett, lessee of Ryder’s truck-tractor and alleged employer of Rotary Sowell; (5) Leesville Lumber Company, Inc., also an alleged employer of Rotary Sowell; (6) Hartford Insurance Group, liability insurer of Leesville Lumber Company.
The district judge held: (1) The truck-tractor was owned by Ryder and leased to Baggett; (2) Baggett contracted to haul lumber for Leesville Lumber Company in interstate commerce, using Ryder’s trucks; (3) Rotary Sowell, the truck driver, was an employee of Baggett and not an employee of Leesville Lumber Company; (4) Sowell and Baggett are insured under the liability policy issued by Liberty Mutual Insurance Company to Ryder; (S) there is no liability on the part of Leesville Lumber Company, Inc. or its insurer, Hartford Insurance Company; and (6) there is no liability by Ryder. Accordingly, judgment was rendered in favor of Mrs. Tommy Smith, and against the defendants, Rotary Sowell, William Baggett and Liberty Mutual Insurance Company in solido for general damages in the sum of $10,000, and in favor of Mr. Smith for the special damages. Plaintiffs’ demands against Leesville Lumber Company, Inc., Hartford Insurance Group and Ryder were rej ected.
Baggett and Liberty Mutual appealed. Sowell did not appeal. Leesville Lumber Company, Inc. and the Hartford Insurance Group appealed solely for the purpose of protecting their third party demand against the other defendants. Plaintiffs also appealed but seek no modification in the district court’s judgment unless it be found that all defendants are liable in which case plaintiffs ask for judgment in solido against all defendants.
On appeal there is no issue raised as to the holding that the accident was caused solely by the negligence of Sowell, the truck driver. Nor is any issue raised as to the quantum of the awards. The issues on appeal are: (1) Was Sowell an employee of Baggett or was he an employee of Lees-ville Lumber Company? (2) Did Hartford provide coverage for these injuries? (3) Did Liberty Mutual provide coverage for these injuries ?
The general facts are that Leesville Lumber Company, Inc. sells lumber in interstate commerce. Leesville Lumber Trucking Company owns floats on which the lumber is loaded at the mill for shipment. On June 23, 1970 these two parties and Baggett entered into a contract which reads in part as follows:
“It is understood that two truck-tractors will be furnished by Mr. Baggett, and Leesville Trucking Company, Inc. will furnish floats for same.
“Payment will be eighty-five (85%) per cent to truck-tractor and fifteen (15%) per cent to float. Driver’s salary will be paid by truck-tractor. Payroll taxes will be paid by float.”
In order to comply with the above contract, Baggett leased the truck-tractors from Ryder Truck Rental, Inc. under an agreement which provides in pertinent part:
“(1) For the purpose of inducing the owner to enter into this agreement, renter warrants that the vehicle shall not be operated; (c) by any person other than the renter, his employer or any person regularly employed by such renter.
* 4c * * * *
“(4) The vehicle is covered by an automobile liability insurance policy, a copy of which is available for inspection at the main office of the owner upon request by renter, and renter -being an assured under said policy, agrees to comply with and be bound by all the terms, conditions, limitations and restrictions thereof, all of which are hereby incorporated by reference and made a part hereof as they are fully set forth at length, including those terms, conditions, limitations and restrictions of which no specific mention is made hereunder. The liabili *449 ty insurance to be furnished by owner pursuant to this agreement shall not exceed $100,000 for each person insured, subject to the limit of $300,000 for all injuries resulting from any one accident; and a limit of $25,000 for damages to property resulting from any one accident.”
The liability insurance furnished by Ryder in compliance with the rental agreement was carried with the defendant, Liberty Mutual Insurance Company. The policy is filed in the record and contains approximately 200 pages of coverages, exclusions, endorsements, etc. One of the principal issues in this case concerns an endorsement to the policy which provides a deductible of $25,000 for all insureds under the policy except Ryder.
Pursuant to these agreements, Baggett hired Sowell to drive one of the truck-tractors. Sowell had worked for Baggett off and on for 10 or 12 years as a driver and had been working on this particular job with Leesville Lumber Company for about six months at the time of the accident.
However, in order to circumvent the rules of the Interstate Commerce Commission requiring carriers who are engaged in Interstate Commerce to have a permit, Baggett arranged to have Leesville Lumber Company, Inc. pay Sowell’s salary and this amount was deducted from the 85% to the truck-tractor as stated in the above agreement. The purpose was to make it appear that Leesville was hauling its own lumber with its own drivers so no permit was necessary.
Nevertheless, the evidence shows conclusively that Sowell was the employee of Baggett and not of Leesville Lumber Company. Sowell himself testified that he was hired and could be fired only by Bag-gett, and that he considered Baggett to be his employer. Mr. Harry Williams, an executive of Leesville Lumber Company, Ltd., also testified that Sowell was an employee of Baggett and not of Leesville Lumber Company. Baggett had full control over Sowell. If Sowell was issued a ticket for traffic violations, he notified Baggett. Actually, the only connection Sowell had with Leesville Lumber Company was that on each trip he drove his truck-tractor to the mill and picked up a slip which gave him instructions as to which float to pull and where to deliver the lumber. The record fully supports the factual conclusion of the trial judge that Sowell was an employee of Baggett and not of Leesville Lumber Company.
Since Sowell was not an employee of Leesville Lumber Company, there was no coverage by its liability insurer, Hartford Insurance Group.
The next issue is whether Liberty Mutual’s policy provided coverage. Liberty Mutual contends it has no coverage for either of two reasons: First, because Sowell was not an employee of William Baggett and Sowell was therefore driving the truck-tractor at the time of the accident in violation of the portion of the lease contract between Ryder and Baggett quoted above. Since we have already concluded that Sowell was an employee of Baggett, this argument has no merit. Liberty Mutual’s second argument is based on the endorsement to the policy which provides a $25,000 deductible. The judgment in the present case is less than $25,000 and hence Liberty Mutual contends it has no liability.
The special deductible endorsement provides in pertinent part:
“It is agreed that the insurance afforded by policy No. LC1-751-001715-049 and policy No. K01-751-001715-14 to all Named Insureds, except Ryder System, Inc. and to any person or organization whom insurance is afforded under End. No. 20 is subject to the following provisions :
“1. $25,000 shall be deducted from the total amount of all sums which such insured shall become legally obligated to pay as damages to any one or more per *450 sons or organizations on account of each accident, and the company shall be liable only for the difference between such deductible amount and the limit of the company’s liability for each accident as stated in End. 2 of Policy No. LC1-751-001715-049 and in End. 1 of Policy No. K01-751-001715-14.”
The policies referred to are those at issue in the present case. The district judge held this deductible endorsement is of no effect because it is vague and ambiguous. The trial judge points out that the endorsement is not countersigned, nor is any effective date nor expiration date given for the endorsement. Under the rule that any ambiguity in an insurance policy is construed against the insurer, the district judge found the deductible endorsement ineffective. We express no opinion on this conclusion.
In its brief filed in this Court, Hartford argues further that if the deductible endorsement is proper as to form, it is in conflict with those portions of the policy providing coverage and therefore the policy is ambiguous. Hartford points to the following endorsement providing coverage for leased vehicles:
“It is understood and agreed that ‘named insured’ in the policy to which this endorsement is attached, is hereby amended to include any person, firm, association, partnership, or corporation to whom a motor vehicle has been rented, leased or otherwise provided without a chauffeur and any employer of said renter, and any person, firm, association, partnership, or corporation from whom a motor vehicle has been rented or borrowed by a named insured for use in connection with the business of renting or leasing motor vehicles without chauffeurs.”
Under this provision it is clear that Bag-gett is included as a “named insured” under the Liberty Mutual policy. Hartford next points to the following policy provision which by reference incorporates into the policy the provisions of the rental agreement between Ryder and Baggett:
“In addition to the other terms of this policy, the insurance afforded to such lessee/rentee his agents or employees, or to any person or organization legally responsible for the use of an automobile so leased/rented by such lessee/rentee shall also be subject to the terms, including any limit or limits of liability, conditions, restrictions, and limitations in the lease/rental agreement, providing the company’s understanding under this policy is not thereby enlarged or extended.”
The lease between Ryder and Baggett, a portion of which is quoted above to show Ryder’s agreement to provide liability insurance coverage in the amount of $100,000 per person and $300,000 per accident, makes no mention whatever of a $25,000 deductible provision. The testimony of the witnesses shows clearly that it was the understanding of Baggett and of Leesville Lumber Company that Ryder was furnishing liability insurance on the truck-tractors without any deductible for personal injuries. A copy of a letter written by Ryder to Leesville Lumber Company of date, October 17, 1970, is filed in the record and it states the services to be furnished by Ryder, including liability insurance of $100,000 and $300,000. There is no mention in this letter of any $25,000 deductible.
Under these circumstances, it is clear the policy is ambiguous. The deductible endorsement provides a $25,000 deductible. Other provisions of the policy make the lease agreement a part of the policy, and the lease agreement does not provide such a deductible. Since this ambiguity must be construed against the insurer, the deductible endorsement is ineffective.
Liberty Mutual makes an additional argument that since no devolutive appeal was timely perfected from the judgment dismissing both the main demand and the *451 third party demand on exceptions of no cause or right of action filed by William Baggett and Ryder Truck Rental, that judgment is now final. We have checked the record and find that the judgment sustaining thesfe exceptions was signed on January 4, 1973. A minute entry shows that an order for a devolutive appeal was granted on February 27, 1973. The appeal was perfected by the filing of a devolutive appeal bond on March 27, 1973. Thus the devolutive appeal was perfected within the 90-day delay provided by LSA-C.C.P. Article 2087. Liberty Mutual’s argument has no merit.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants who are cast in the trial and appellate courts.
Affirmed.